Alan Alexander Beck
Law Office of Alan Beck
2692 Harcourt Drive
San Diego, California 92123
(619) 905-9105
Hawaii Bar No. 9145
Alan.alexander.beck@gmail.com

Kevin Gerard O'Grady
Law Office of Kevin O'Grady, LLC
1136 Union Mall, Suite 808
Honolulu, Hawaii 96813
(808) 521-3367
Hawaii Bar No. 8817
Kevin@KevinOGradyLaw.Com

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LANCE S. CHODA | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. _____ |
| | ) |
| COUNTY OF HAWAII | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

COME NOW the Plaintiff, Lance S. Choda, ("Choda"), by and through his undersigned counsel, and complain of the Defendant as follows:

## I.     PARTIES

**Plaintiff**

1.     Plaintiff Lance S. Choda ("Choda") is an adult male resident of the State of Hawaii and resides in Hawaii County and is a citizen of the United States.

**Defendant**

2.     Defendant County of Hawaii ("County") is a municipal corporation incorporated under the laws of the State of Hawaii. The County is authorized by law to control and maintain the Hawaii Police Department, an agency of the County, who acts on the County's behalf in the area of law enforcement. The County is therefore ultimately responsible for Hawaii Police Department ("HPD") and its actions, and therefore, must assume the risks incidental to the maintenance of HPD, its employees, laws, customs and policies. The County can be served by serving the Department of the Corporation Counsel, County of Hawaii 101 Aupuni Street, #325, Hilo, Hawaii 96720.

## II.     JURISDICTION AND VENUE

3.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, 2201, 2202 and 42 U.S.C. § 1983 and § 1988.

4. Venue lies in this Court pursuant to 28 U.S.C. § 1391.

## STATEMENT OF LAW

**2ND Amendment**

5. The Second Amendment to the United States Constitution provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms shall not be infringed."

6. The Second Amendment guarantees individuals a fundamental right to keep and carry arms for self-defense and defense of others in the event of a violent confrontation. *District of Columbia v. Heller*, 554 U.S. 570 (2008); *McDonald v. Chicago*, 561 U.S. 742 (2010); *Caetano v. Massachusetts,* 577 U.S. 1027 (2016).

7. Firearms are protected by the Second Amendment. *District of Columbia v. Heller*, 554 U.S. 570 (2008).

8. Given the decision in *Heller*, Defendants may not impose regulations on the right to keep and carry arms that are inconsistent with the Second Amendment. *Heller v. District of Columbia,* 801 F.3d 264 (D.C. Cir. 2015).

**HRS §134  Firearms**

9. Hawaii law requires the registration of all firearms. *See* H.R.S. §134-3.

10. Hawaii law requires that "[e]very person who acquires a firearm pursuant to section §134-2 shall register the firearm in the manner prescribed by this section within five days of acquisition." *See* HRS §134-3.

11.     Prior to purchasing a handgun, all persons must apply for a permit to acquire. *See* H.R.S. §134-2.

12.     Pursuant to Hawaii law, after applying, an applicant must wait 14 days before returning to retrieve his permit to acquire. *See* H.R.S. §134-2

13.     Pursuant to H.R.S. §134-7, no one in the State of Hawaii who has been **convicted of a crime of violence** may own, acquire, or possess a firearm.

> §134-7  Ownership or possession prohibited, when; penalty.
> (a)   No person who is a fugitive from justice or is a person prohibited from possessing firearms or ammunition under federal law shall own, possess, or control any firearm or ammunition therefor.
> (b)   No person who is under indictment for, or has waived indictment for, or has been bound over to the circuit court for, or has been **convicted in this State or elsewhere of having committed a** felony, or **any crime of violence**, or an illegal sale of any drug shall own, possess, or control any firearm or ammunition therefor.
> (c)   No person who:
> (1)   Is or has been under treatment or counseling for addiction to, abuse of, or dependence upon any dangerous, harmful, or detrimental drug, intoxicating compound as defined in section 712-1240, or intoxicating liquor;
> (2)   Has been acquitted of a crime on the grounds of mental disease, disorder, or defect pursuant to section 704-411; or
> (3)   Is or has been diagnosed as having a significant behavioral, emotional, or mental disorders as defined by the most current diagnostic manual of the American Psychiatric Association or for treatment for organic brain syndromes;
>
> shall own, possess, or control any firearm or ammunition therefor, unless the person has been medically documented to be no longer adversely affected by the addiction, abuse, dependence, mental disease, disorder, or defect.
> (d)   No person who is less than twenty-five years old and has been adjudicated by the Family Court to have committed a felony, two or

more crimes of violence, or an illegal sale of any drug shall own, possess or control any firearm or ammunition therefor.

(e) No minor who:

(1) Is or has been under treatment for addiction to any dangerous, harmful, or detrimental drug, intoxicating compound as defined in section 712-1240, or intoxicating liquor;

(2) Is a fugitive from justice; or

(3) Has been determined not to have been responsible for a criminal act or has been committed to any institution on account of a mental disease, disorder, or defect; shall own, possess, or control any firearm or ammunition therefor, unless the minor has been medically documented to be no longer adversely affected by the addiction, mental disease, disorder, or defect.

For the purposes of enforcing this section, and notwithstanding section 571-84 or any other law to the contrary, any agency within the State shall make its records relating to Family Court adjudications available to law enforcement officials.

(f) No person who has been restrained pursuant to an order of any court, including a gun violence protective order issued pursuant to part IV, from contacting, threatening, or physically abusing any person, shall possess, control, or transfer ownership of any firearm or ammunition therefor, so long as the protective order, restraining order, or any extension is in effect, unless the order, for good cause shown, specifically permits the possession of a firearm and ammunition. The protective order or restraining order shall specifically include a statement that possession, control, or transfer of ownership of a firearm or ammunition by the person named in the order is prohibited. The person shall relinquish possession and control of any firearm and ammunition owned by that person to the police department of the appropriate county for safekeeping for the duration of the order or extension thereof. At the time of service of a protective order or restraining order involving firearms and ammunition issued by any court, a police officer may take custody of any and all firearms and ammunition in plain sight, those discovered pursuant to a consensual search, and those firearms surrendered by the person restrained. If the person restrained is the registered owner of a firearm and knows the location of the firearm, but refuses to surrender the firearm or refuses to disclose the location of the firearm, the person restrained shall be guilty of a misdemeanor. In any case, when a police officer is unable to locate the firearms and ammunition either registered under this

chapter or known to the person granted protection by the court, the police officer shall apply to the court for a search warrant pursuant to chapter 803 for the limited purpose of seizing the firearm and ammunition.

For the purposes of this subsection, good cause shall not be based solely upon the consideration that the person subject to restraint pursuant to an order of any court is required to possess or carry firearms or ammunition during the course of the person's employment. Good cause consideration may include but not be limited to the protection and safety of the person to whom a restraining order is granted.

(g)  Any person disqualified from ownership, possession, control, or the right to transfer ownership of firearms and ammunition under this section shall surrender or dispose of all firearms and ammunition in compliance with section §134-7.3.

(h)  Any person violating subsection (a) or (b) shall be guilty of a class C felony; provided that any felon violating subsection (b) shall be guilty of a class B felony. Any person violating subsection (c), (d), (e), (f), or (g) shall be guilty of a misdemeanor.

H.R.S. §134-7, emphasis added.

14.    Pursuant to HRS §711-1101, Disorderly Conduct is either a petty misdemeanor or a violation,

§711-1101  Disorderly conduct.
(1)  A person commits the offense of disorderly conduct if, with intent to cause physical inconvenience or alarm by a member or members of the public, or recklessly creating a risk thereof, the person:
(a)  Engages in fighting or threatening, or in violent or tumultuous behavior;
(b)  Makes unreasonable noise;
(c)  Subjects another person to offensively coarse behavior or abusive language which is likely to provoke a violent response;
(d)  Creates a hazardous or physically offensive condition by any act which is not performed under any authorized license or permit; or

(e)  Impedes or obstructs, for the purpose of begging or soliciting alms, any person in any public place or in any place open to the public.

(2)  Noise is unreasonable, within the meaning of subsection (1)(b), if considering the nature and purpose of the person's conduct and the circumstances known to the person, including the nature of the location and the time of the day or night, the person's conduct involves a gross deviation from the standard of conduct that a law-abiding citizen would follow in the same situation; or the failure to heed the admonition of a police officer that the noise is unreasonable and should be stopped or reduced.

The renter, resident, or owner-occupant of the premises who knowingly or negligently consents to unreasonable noise on the premises shall be guilty of a noise violation.

(3)  Disorderly conduct is a petty misdemeanor if it is the defendant's intention to cause substantial harm or serious inconvenience, or if the defendant persists in disorderly conduct after reasonable warning or request to desist.  Otherwise disorderly conduct is a violation.

15. Pursuant to H.R.S. §711-1106 Harassment is a petty misdemeanor.

§711-1106  Harassment.  (1)  A person commits the offense of harassment if, with intent to harass, annoy, or alarm any other person, that person:

(a)  Strikes, shoves, kicks, or otherwise touches another person in an offensive manner or subjects the other person to offensive physical contact;

(b)  Insults, taunts, or challenges another person in a manner likely to provoke an immediate violent response or that would cause the other person to reasonably believe that the actor intends to cause bodily injury to the recipient or another or damage to the property of the recipient or another;

(c)  Repeatedly makes telephone calls, facsimile transmissions, or any form of electronic communication as defined in section 711-1111(2), including electronic mail transmissions, without purpose of legitimate communication;

(d)  Repeatedly makes a communication anonymously or at an extremely inconvenient hour;

(e)  Repeatedly makes communications, after being advised by the person to whom the communication is directed that further communication is unwelcome; or

(f)  Makes a communication using offensively coarse language that would cause the recipient to reasonably believe that the actor intends to cause bodily injury to the recipient or another or damage to the property of the recipient or another.

(2)  Harassment is a petty misdemeanor.

16.  Hawaii crimes are categorized as different grades of offenses pursuant to HRS §701-107, Grades and Classes of Offenses.

HRS §701-107 sets forth the grades and classes of offenses,

§701-107  Grades and classes of offenses.
(1)  An offense defined by this Code or by any other statute of this State for which a sentence of imprisonment is authorized constitutes a crime.  Crimes are of three grades:  felonies, misdemeanors, and petty misdemeanors.  Felonies include murder in the first and second degrees, attempted murder in the first and second degrees, and the following three classes:  class A, class B, and class C.
(2)  A crime is a felony if it is so designated in this Code or if persons convicted thereof may be sentenced to imprisonment for a term which is in excess of one year.
(3)  A crime is a misdemeanor if it is so designated in this Code or in a statute other than this Code enacted subsequent thereto, or if it is defined in a statute other than this Code which provides for a term of imprisonment the maximum of which is one year.
(4)  A crime is a petty misdemeanor if it is so designated in this Code or in a statute other than this Code enacted subsequent thereto, or if it is defined by a statute other than this Code that provides that persons convicted thereof may be sentenced to imprisonment for a term not to exceed thirty days.
(5)  An offense defined by this Code or by any other statute of this State constitutes a violation if it is so designated in this Code or in the law defining the offense or if no other sentence than a fine, or fine and forfeiture or other civil penalty, is authorized upon conviction or if it is defined by a statute other than this Code which provides that the offense shall not constitute a crime.  A violation does not constitute a

crime, and conviction of a violation shall not give rise to any civil disability based on conviction of a criminal offense.

(6)  Any offense declared by law to constitute a crime, without specification of the grade thereof or of the sentence authorized upon conviction, is a misdemeanor.

(7)  An offense defined by any statute of this State other than this Code shall be classified as provided in this section and the sentence that may be imposed upon conviction thereof shall hereafter be governed by this Code.

H.R.S. §134-1 defines "Crime of Violence" as follows:

"Crime of violence" means any offense, as defined in title 37, that involves injury or threat of injury to the person of another, including sexual assault in the fourth degree under section 707-733 and harassment by stalking under section 711-1106.5.

## 17. STATEMENT OF FACTS

## A. PLAINTIFF CHODA

18.    On December 19, 2020, Choda started his vehicle's engine at night. Choda's neighbor yelled at him to be quiet.  Choda yelled at his neighbor.  Profanity was used.  Choda and his neighbor yelled at each other.  Police were called.  While police were present Choda yelled at his neighbor using profanity.  Choda and his neighbor were on their own properties separated by a fence.  No threats were made. No physical contact occurred between Choda and his neighbor.  Choda was arrested for disorderly conduct;

19.    On January 21, 2021, in the Third District Court of the State of Hawaii, in matter 3DCW21-0000081, Choda was charged with a violation of Harassment and Disorderly Conduct.  See Exhibit A, Complaint;

20.    On January 21, 2021 in the Third District Court of the State of Hawaii, in matter 3DCW21-0000081, Choda completed and submitted a written plea of no contest to the charge of disorderly conduct only.  See Written submission of plea attached as Exhibit B;

21.    On January 21, 2021, in the Third District Court of the State of Hawaii, in matter 3DCW21-0000081, Choda, pled no contest and was found guilty of Harassment under H.R.S. § 711-1106(1) and pled no contest and was found guilty of Disorderly Conduct under H.R.S. §711-1101(1)(a)(b)(c)(3).  See Exhibit C judgment of the court[1];

22.    The State of Hawaii records Choda as having two convictions, both petty misdemeanors, one for Harassment and one for Disorderly Conduct, and both convictions having been entered on January 21, 2021 in 3DCW21-0000081.  See ECrim printout attached as Exhibit D;

23.    On April 8 or April 9, 2021, Choda applied for a permit to get another firearm;

---

[1] Both the complaint and the judgment of the court list all possible variations of the offense and do not distinguish between the subsections.

24.    On August 11, 2021, COUNTY delivered a letter to Choda informing him that the police department had denied his permit to acquire firearms and informing him that he had until September 15, 2021, to dispose of all firearms and ammunition within thirty days.  See Exhibit E letter from HPD;

25.    The August 11, 2021, COUNTY letter, attached as Exhibit E from HPD, states that Choda is disqualified from owning any firearms because of a crime of violence conviction in Hawaii.  See Exhibit E;

26.  Specifically, the August 11, 2021, COUNTY letter, attached as Exhibit E states;

"Your application for a Permit to Acquire a firearm has been denied based on Section 134-7(b) of the Hawaii Revised Statutes which precludes you from possessing any firearms due to *a crime of violence conviction in Hawaii.*

Any person disqualified from ownership, possession or control of firearms and ammunition under Section 134-7 must dispose of all firearms and ammunition within thirty days from the date of disqualification.

Firearms and ammunition may be disposed of by sale to a gun dealer licensed under Section 134-31, transfer of ownership to any person who meets the requirements of Section 134-2, or surrender to the police chief or his representative for storage or disposal.

Should you elect to surrender the firearm(s) and ammunition to the police, first contact Lieutenant Tuckloy D. Aurelio of our Records and Identification Section at 961-2232 and then surrender the items to the nearest police station. It will be your responsibility to provide updated mailing addresses and contact phone numbers if the disqualification is not permanent. All firearms and ammunition surrendered to the police without updated contact information or due to permanent disqualification will be destroyed.

Any firearms and ammunition presently in your possession must be disposed of by ***September 15, 2021.*** Failure to do so may result in seizure of the firearms and ammunition and criminal prosecution under Chapter 134 of the Hawaii Revised Statutes";

27. The COUNTY denial letter, attached as Exhibit E, only lists the "crime of violence conviction" as the prohibition to acquiring and or possessing firearms and ammunition;

28. The COUNTY denial letter, attached as Exhibit E, does not list any other statutory prohibition under federal or state law;

29. Prior to 2021, Choda owned multiple permitted and registered firearms;

30. CHODA is not statutorily prohibited from acquiring and or possessing firearms and ammunition under state and or federal law;

31. Harassment, under H.R.S. § 711-1106(1) is not categorically a crime of violence as defined under H.R.S. §134-1 which provides "Crime of violence" means any offense, as defined in title 37, that involves injury or threat of injury to the person of another, including sexual assault in the fourth degree under section 707-733 and harassment by stalking under section 711-1106.5.";

32. Disorderly Conduct, under H.R.S.  §711-1101(1)(a)(b)(c)(3) is not categorically a crime of violence as defined under H.R.S. §134-1 which provides "Crime of violence" means any offense, as defined in title 37, that

involves injury or threat of injury to the person of another, including sexual

assault in the fourth degree under section 707-733 and harassment by

stalking under section 711-1106.5.";

33. Based upon the plain language of the statute, "injury" and "threat of

injury" are not elements of harassment as it is defined in H.R.S. § 711-

1106, which provides " (1)  A person commits the offense of harassment

if, with intent to harass, annoy, or alarm any other person, that person:

(a)  Strikes, shoves, kicks, or otherwise touches another person in an offensive manner or subjects the other person to offensive physical contact;

(b)  Insults, taunts, or challenges another person in a manner likely to provoke an immediate violent response or that would cause the other person to reasonably believe that the actor intends to cause bodily injury to the recipient or another or damage to the property of the recipient or another;

(c)  Repeatedly makes telephone calls, facsimile transmissions, or any form of electronic communication as defined in section 711-1111(2), including electronic mail transmissions, without purpose of legitimate communication;

(d)  Repeatedly makes a communication anonymously or at an extremely inconvenient hour;

(e)  Repeatedly makes communications, after being advised by the person to whom the communication is directed that further communication is unwelcome; or

(f)  Makes a communication using offensively coarse language that would cause the recipient to reasonably believe that the actor intends to cause bodily injury to the recipient or another or damage to the property of the recipient or another;

34. The Court of Appeals for the Ninth Circuit has held that the phrase "physical force" pursuant to *18 U.S.C. § 921(a)(33)(A)(i)* means "the violent use of force against the body of another individual." See *United States v. Belless, 338 F.3d 1063, 1068 (9th Cir. 2003)*.

35 The Commentary regarding *H.R.S. § 711-1106* states that "*Subsection (1)(a)* is a restatement of the common-law crime of battery, which was committed by any slight touching of another person in a manner which is known to be offensive to that person.";

36 In *Fisher v Kealoha,* 869 F.Supp.2d 1203 (2012), the court ruled that Harassment, under H.R.S. § 711-1106(1) is not a crime of violence as defined under H.R.S. §134-1 and 134-7;

37 Choda's Harassment conviction, pursuant to *Fisher*, is not a crime of violence under H.R.S. §134-1 and 134-7;

38 Choda's Disorderly conduct conviction, analyzed under *Fisher,* is not a crime of violence under H.R.S. §134-1 and 134-7;

39 Without any qualifying convictions Choda is not prohibited from acquiring, owning and possessing firearms;

40 County's policy of treating Choda's Harassment conviction under H.R.S. § 711-1106(1) as a disqualifying crime of violence under H.R.S. §134-7 violates Choda's Second Amendment rights;

41 County's policy of treating Choda's Disorderly Conduct conviction under §711-1101(1)(a)(b)(c)(3) as a disqualifying crime of violence under H.R.S. §134-7 violates Choda's Second Amendment rights;

### B. Plaintiff Lance S. Choda Biographical Facts

42    Plaintiff CHODA was born in Maui county, Hawaii;

43    Plaintiff CHODA was raised on the islands Maui and Hawaii;

44    Plaintiff CHODA currently resides on Hawaii in Hawaii county;

45.    Plaintiff CHODA is currently employed as a concrete foreman;

46.   Plaintiff CHODA has never been convicted of a crime that would disqualify him from firearms ownership under federal law;

47.    Outside of the laws that could potentially be at issue in this litigation, Plaintiff Choda has never been convicted of a crime that would disqualify him under state law;

48.    Plaintiff Choda has never been diagnosed with a mental disorder that would disqualify him from firearms ownership under Hawaii or federal law;

49.    Plaintiff Choda does not take illegal drugs or abuse alcohol;

### COUNT I

### U.S. CONST., AMEND. II

50.    Plaintiff repeats and realleges the allegations of the preceding paragraphs as if set forth herein;

51.    Hawaii state law does not support criminalizing the possession of firearms by Plaintiff because neither of his convictions, for harassment and disorderly conduct, are for crimes of violence;

52.    Thus, categorically criminalizing the possession of firearms by those convicted of H.R.S. § 711-1101(1)(a) and H.R.S. § 711-1106 is an independent County policy;

53.    Defendant's policy of criminalizing the possession of firearms by Plaintiff violates his Second Amendment rights;

54.    Alternatively, if the County may properly criminalize the ownership, possession and acquisition of firearms based on a conviction for a violation of HRS § 711-1101(1)(a) and H.R.S. § 711-1106 pursuant to H.R.S. §134-7, then H.R.S. §134-7 is unconstitutional as applied to Plaintiff;

## COUNT II

### Due Process

55.    The Due Process states that "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law". *See* U.S. Const. amend. XIV, § 2;

56.     Under the law governing substantive due process, Plaintiff must prove that: (1) he had a valid interest at stake; and (2) defendant infringed on that interest in an arbitrary or irrational manner. *Royal Crown Day Care LLC v. Dep't of Health & Mental Hygiene*, 746 F.3d 538, 545 (2d Cir. 2014);

57.     Plaintiff has a valid liberty interest in his constitutional right to own a firearm;

58.     Plaintiff has a valid property interest in the possession of his already owned firearms;

59.     The County infringes on that right by acting in an ultra vires manner which is inherently arbitrary;

60.     The County is acting in an ultra vires manner because it purports to apply Hawaii's prohibition on firearm ownership for persons convicted of crimes of violence onto persons such as Plaintiff who has never been convicted of a disqualifying crime;

61.     Because the County "did not have authority for the actions it took regarding" Plaintiff's firearm rights, the County's action was "ultra vires and, as a result, sufficiently arbitrary to amount to a substantive due process violation." *Cine SK8, Inc. v. Town of Henrietta,* 507 F.3d 778, 790 (2d Cir. 2007);

62.     Thus, the County has violated Plaintiff's Due Process rights;

## COUNT III

### Equal Protection

63.    The Equal Protection Clause of the 14th Amendment provides "nor shall any State ... deny to any person within its jurisdiction the equal protection of the laws". *See* U.S. Const. amend. XIV, § 2;

64.    The County's policy is a violation of Equal Protection because Plaintiff has never been convicted of a prohibiting offense, yet he is being treated differently than other law-abiding citizens;

### Vagueness

65.    Alternatively, if this Court finds that a conviction for disorderly conduct and harassment can be grounds to disqualify a person under H.R.S. § 134-7, then the statutory scheme is void for vagueness;

66.    It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined. *Grayned v. County of Rockford*, 408 U.S. 104, 108, 92 S. Ct. 2294, 2298 (1972);

67.    Here, the H.R.S. states that harassment and disorderly conduct convictions are not crimes of violence convictions since neither categorically includes injury or threat of injury to the person of another;

68.    The prohibition in H.R.S § 134-7 only applies to crimes of violence;

69.     Therefore, assuming a conviction of disorderly conduct and harassment can disqualify you under H.R.S. §134-7, the H.R.S. fails to provide fair warning of what is a prohibiting crime and the H.R.S. is unconstitutionally vague both facially and as applied to Plaintiff;

## COUNT IV

## (DECLARATORY JUDGMENT)

70.     Plaintiff repeats and realleges the allegations of the preceding paragraphs as if set forth herein;

71.     The Declaratory Judgment Act provides: "In a case of actual controversy within its jurisdiction, any court of the United States may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. 2201(a);

72.      Absent a declaratory judgment, there is a substantial likelihood that Plaintiff will suffer irreparable injury in the future;

73.     There is an actual controversy between the parties of sufficient immediacy and reality to warrant issuance of a declaratory judgment;

74.     This Court possesses an independent basis for jurisdiction over the parties;

75.     A judgment declaring that Defendants' policy which denies Plaintiff the right to own, possess and acquire firearms is unconstitutional as applied to him;

76.     Alternatively, a declaration that H.R.S. §134-7 is unconstitutional as applied to Plaintiff;

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that judgment be entered in his favor and against Defendant as follows:

1.      An order preliminarily and permanently enjoining Defendant, its officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from enforcing Defendant's policy of prohibiting people who have been convicted of disorderly conduct and harassment from possessing and or acquiring firearms and ammunition;

2.      Alternatively, if this Court finds Choda's convictions for H.R.S. § 711-1101 (1)(a) and H.R.S. § 711-1106 constitute crimes of violence as contemplated by H.R.S. §134-7, Plaintiff requests this Court, enjoin H.R.S. §134-7 and any other relevant provision of the H.R.S. both facially and as applied to him.

3.      Declaratory relief that the complained of County policy is unconstitutional both facially and as applied to Plaintiff.

4.      Declaratory relief that if this Court finds a conviction for H.R.S. § 711-1101(1)(a) and H.R.S. § 711-1106 constitute crimes of violence as contemplated by H.R.S. §134-7, then H.R.S. §134-7 and any other relevant provision of the H.R.S. is unconstitutional facially and as applied to him.

5.    Costs of suit, including attorney fees and costs pursuant to 42 U.S.C. §1988;

6.    Nominal Damages.

7.    Such other relief consistent with the injunction as appropriate; and

8.    Such other further relief as the Court deems just and appropriate.

Dated: September 14, 2021.

Respectfully submitted,


/s/ Alan Beck
Counsel for Plaintiff

Alan Alexander Beck
Law Office of Alan Beck
2692 Harcourt Drive
San Diego, CA  92123
(619) 905-9105
Hawaii Bar No. 9145
Alan.alexander.beck@gmail.com


/s/ Kevin O'Grady
Counsel for Plaintiff

Kevin Gerard O'Grady
Law Office of Kevin O'Grady, LLC
1136 Union Mall, Suite 808
Honolulu, Hawaii 96813
(808) 521-3367
Hawaii Bar No. 8817
Kevin@KevinOGradyLaw.Com

## **VERIFICATION**

I, Lance S. Choda, declare as follows:

1.  I am the Plaintiff in the present case and a citizen of the United States of America.

2.  I have personal knowledge of myself, my activities, and my intentions, including those set out in the forgoing *Verified Complaint for Declaratory and Injunctive Relief*, and if called on to testify, I would competently testify as to the matters stated herein.

3.  I verify under penalty of perjury under the laws of the United States of America that the factual statements in this *Verified Complaint for Declaratory and Injunctive Relief* concerning myself, my activities and my intentions are true and correct.

Executed on September 14, 2021

Lance S. Choda